UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JIMMIE H. BLACKWOOD and          )
MICHELLE J. BLACKWOOD,           )
                                 )
          Plaintiffs,            )
                                 )
          v.                     )          No. 4:05 CV 491 DDN
                                 )
3M COMPANY, et al.,              )
                                 )
          Defendants,.           )

## MEMORANDUM AND ORDER

Before the court is the motion of plaintiffs Jimmie H. Blackwood and Michelle J. Blackwood to remand the action to state court (Doc. 30). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). A hearing was held on May 6, 2005.

This action was originally commenced in the Circuit Court of the City of St. Louis against defendants 3M Co., Benjamin Moore and Co., Insl-X Prods. Corp., E.I. Dupont De Nemours and Co., Hydraflow Equip. Co., Ingersoll-Rand Co., N. Safety Prods., Inc., and W.M. Barr and Co., Inc. (Doc. 1, Ex. A.)

The complaint alleges that plaintiff Jimmie Blackwood worked in various capacities as a painter for approximately 27 years. (Id. at ¶ 13.) The complaint alleges he used products containing benzene, butadiene, and/or polycyclic aromatic hydrocarbons. (Id. at ¶ 14.) It is further alleged that these chemicals were harmful to his health and that the respirators he wore to limit exposure were not adequately protective. (Id. at 15-18.) It is further alleged that, as a result of this exposure, he developed acute myelogenous leukemia.[1] (Id. at 18.) Six claims are alleged: (1) strict liability against the defendants who manufactured and sold the paint and solvent products

---

[1]After the suit was filed, Jimmie Blackwood died. (Doc. 32.)

Blackwood used in his work (the paint/solvent defendants[2]) (Count I);
(2) breach of warranty against the paint/solvent defendants (Count II);
(3) negligence against the paint/solvent defendants (Count III); (4)
strict liability against the defendants who manufactured and sold the
respirators Blackwood used (the respirator product defendants[3]) (Count
IV); (5) breach of warranty against the respirator product defendants
(Count V); and (6) negligence against the respirator product defendants
(Count VI). (Id. at ¶¶ 24-44.) The complaint alleges that defendant
Hydraflow Equipment Company "sells spray painting equipment and other
products used by plaintiff Jimmie Blackwood." (Doc. 1, Ex. A at ¶ 7.)
Defendant Ingersoll-Rand Company is alleged to be "the manufacturer of
equipment used by plaintiff Jimmie Blackwood." (Id. at ¶ 8.)

The action was removed from the Missouri circuit court on diversity
of citizenship grounds by defendant 3M Company,[4] pursuant to 28 U.S.C.
§ 1332. Plaintiffs allege in their motion to remand that complete
diversity of citizenship is absent, because they are Missouri citizens
and defendant Hydraflow is a Missouri corporation. In their notice of
removal, defendants allege that Hydraflow was fraudulently joined in
anticipation of removal to federal district court, because plaintiffs
state no cause of action against that defendant in their state court
pleading. Defendants argue that the fact that Hydraflow and plaintiffs
are all citizens of Missouri, because of the fraudulent joinder of
Hydraflow, does not defeat removal based on diversity jurisdiction.
(Id. at ¶¶ 18-19.)

In their motion for remand, plaintiffs argue that in order for
defendants to make a cognizable claim for fraudulent joinder, they must
show there is no colorable action against Hydraflow, and that defendants
cannot make such a showing. (Doc. 31 at 3-6.) In support of their

---

[2]The complaint alleges these defendants are Benjamin Moore &
Company, Insul-x Products Corporation, E.I. Du Pont de Nemours and
Company, and W.H. Barr and Company.

[3]The complaint alleges these defendants are 3M Company, E.I. Du
Pont de Nemours and Company, and North Safety Products, Inc.

[4]The Notice of Removal states that all defendants consented to the
removal.

position, plaintiffs allege that Hydraflow manufactures the spray painting equipment and other products Jimmie Blackwood used as a commercial painter. (Id. at 4.) Plaintiffs argue that Missouri law *might* impose liability on Hydraflow for selling spray painting equipment and other equipment. (Id. at 5.) In an effort to clarify the jurisdictional issues, plaintiffs proffer an intention, either upon remand or in this action, to file an amended complaint stating a cause of action for wrongful death and alleging "that Hydraflow was the seller of defective and unreasonably dangerous respirators used by Mr. Blackwood." (Id.) Plaintiffs further argue that Hydraflow answered their petition without moving to dismiss, evidencing Hydraflow's belief that it was not fraudulently joined. ( Id.)

Plaintiffs also challenge defendants' compliance with removal procedures pursuant to 28 U.S.C. § 1446. Plaintiffs allege that the notice of removal is procedurally inadequate because defendant Insl-x failed to file its notice of consent within thirty days of service. (Id. at 6.) Plaintiffs argue that Insl-x was served on March 10, 2005, and filed its consent to removal on April 13, 2005, 34 days after being served. Plaintiffs argue that failure to have each defendant join the notice of removal within thirty days of service runs afoul of the removal statute and court precedent, and defeats defendants' removal. (Id.)

In their response, defendants argue that plaintiffs have failed to plead a legally sufficient claim against Hydraflow, in violation of Missouri's fact-pleading standards. (Doc. 38 at 1.) Defendants argue that the complaint purports to allege causes of action against the "paint/solvent product defendants" and the "respirator product defendants," but fails to make any claim against Hydraflow.[5] (Id. at 2.) Moreover, defendants characterize plaintiffs' intention to file an amended pleading indicates that their original pleading fails to provide a basis for liability against Hydraflow. (Id. at 3.) Defendants

---

[5]Defendants also infer that there is no cause of action stated against defendant Ingersoll-Rand; however, because Ingersoll-Rand is a diverse defendant, any alleged deficiency in pleading with respect to this party is not relevant to the instant motion.

further argue that plaintiffs cannot "cure" a defective pleading by subsequently amending the pleading, or relying on information that is not contained within it. (Id. at 4-5.)

With respect to the propriety of the consents to removal, defendants argue that 3M's statement that all defendants consented to the notice of removal is enough to satisfy the removal statute. (Id. at 6.) Defendants note recent case law on the issue of whether a lack of separate consents by each defendant makes remand appropriate.[6] (Id.) They point to a recent Sixth Circuit decision holding that neither statute nor rule requires a separate consent from each defendant to effect proper removal.[7] (Id. at 6.)

Hydraflow argues that it is fraudulently joined as a defendant because plaintiffs fail to allege that it manufactures or sells any of the chemicals or respirators Jimmie Blackwood was exposed to. (Doc. 40 at 2.) Hydraflow further argues that any claims plaintiffs intend to assert in a prospective amended petition are not relevant to the issues of removal and remand. (Id.) With respect to its failure to file a motion to dismiss, Hydraflow asserts that there is no requirement in case law, statute or rule that it must file a motion to dismiss prior to the answer on the instant facts. (Id. at 3.) Hydraflow notes that in its answer it denied manufacturing or selling any of the products which could have caused Jimmie Blackwood's injuries, and listed a failure to state a claim as an affirmative defense. (Id.)

## Discussion

It is axiomatic that a court may not proceed at all in a case unless it has subject matter jurisdiction. Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001). The propriety of removal to federal court depends on whether the claim falls within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. §

---

[6]Discussed infra, Amteco, Inc. v. Bway Corp., 241 F. Supp. 2d 1028 (E.D. Mo. 2003); City of University City v. AT&Y Wireless Servs, Inc., 229 F. Supp. 2d 927, 930 (E.D. Mo. 2002).

[7]Harper v. Autoalliance Int'l, Inc., 392 F.3d 195, 201-02 (6th Cir. 2004), discussed infra.

1441(b).  A claim may be removed only if it could have been brought in federal court originally.  <u>Id.</u>; <u>Peters v. Union Pac. R.R. Co.</u>, 80 F.3d 257, 260 (8th Cir. 1996).  Unless complete diversity of citizenship[8] exists and the amount-in-controversy requirement is satisfied, removal is proper only if the claim raises a federal question.[9]  <u>See</u> 28 U.S.C. §§ 1331, 1332, 1441.  Further, removal statutes are strictly construed; any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand.  <u>Transit Cas. Co. v. Certain Underwriters at Lloyd's of London</u>, 119 F.3d 619, 625 (8th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1075 (1998).

"Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal."  <u>Anderson v. Home Ins. Co.</u>, 724 F.2d 82, 84 (8th Cir. 1983) (per curiam); <u>accord</u> <u>BP Chem. Ltd. v. Jiangsu Sopo Corp.</u>, 285 F.3d 677, 685 (8th Cir.), <u>cert. denied</u>, 537 U.S. 942 (2002).  "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."  <u>Wiles v. Capitol Indem. Corp.</u>, 280 F.3d 868, 871 (8th Cir. 2002).  "However, if there is a 'colorable' cause of action--that is, if the state law might impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder."  <u>Filla v. Norfolk S. Ry. Co.</u>, 336 F.3d 806, 810 (8th Cir. 2003).  "A finding of fraudulent joinder does not require a finding of fraudulent intent; rather, fraudulent joinder exists if, whatever the plaintiffs' motive, their claim against an in-state defendant has no chance of success."  <u>Schwenn v. Sears, Roebuck & Co.</u>, 822 F. Supp. 1453, 1455 (D. Minn. 1993) (citing <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 73 (7th Cir. 1992)).

Whether there exists a reasonable basis to support a claim against Hydraflow requires an inquiry into state law and consideration of the

_____

[8]"[D]iversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship."  <u>Capitol Indem. Corp. v. Russellville Steel Co., Inc.</u>, 367 F.3d 831, 835 (8th Cir. 2004).

[9]The parties do not argue, and the record does not support, any basis for federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

facial allegations of the complaint.  <u>See</u> <u>Augustine v. Target Corp.</u>, 259 F. Supp. 2d 919, 922 (E.D. Mo. 2003).  Missouri is a fact pleading state, and every petition must set forth "[a] short and plain statement of the facts showing that the pleader is entitled to relief . . . ." Mo. Rev. Stat. § 509.050.1(1).  "In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated."  <u>State ex rel. United Indus. Corp. v. Mummert</u>, 878 S.W.2d 494, 496 (Mo. App. 1994); <u>Murphy v. A.A. Mathews</u>, 841 S.W.2d 671, 672 (Mo. 1992).

In their motion for remand, plaintiffs assert that they intend to file an amended petition alleging that Hydraflow sells respirators manufactured by 3M and used by the Jimmie Blackwood.  Therefore, the court must determine whether it can consider plaintiffs' intent to file an amended petition, and the allegations contained therein, in resolving the instant motion.  In <u>Anderson</u>, 724 F.2d at 84, the Eighth Circuit appeared to delineate a standard akin to that for a motion to dismiss (<u>i.e.</u>, looking only to the pleadings) for determining whether sufficient facts are alleged to defeat a claim of fraudulent joinder.  <u>Anderson</u> states that "[f]raudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant."  <u>Id.</u> at 84; <u>accord</u> <u>Filla</u>, 336 F.3d at 810; <u>St. Louis Trade Diverters, et al. v. Constitution State Ins. Co.</u>, 738 F. Supp. 1269, 1271 (E.D. Mo. 1990); <u>Schwenn</u>, 822 F. Supp. at 1455-56; <u>Banbury v. Omnitrition Int'l et al.</u>, 818 F. Supp. 276, 279-80 (D. Minn. 1993).

Discussing <u>Anderson</u>, <u>Reeb v. Wal-Mart Stores, Inc.</u>, 902 F. Supp. 185, 187-88 (E.D. Mo. 1995), provides an instructive, lengthy discussion of the scope of a court's review when resolving the issue of fraudulent joinder.  Despite <u>Anderson</u>, <u>Reeb</u> notes that several courts have entertained information outside the petition in ruling on the issue of fraudulent joinder.  <u>Id.</u> at 187-88; <u>see</u> <u>Dumas v. Patel</u>, 317 F. Supp. 2d 1111, 1114 (W.D. Mo. 2004); <u>Monroe v. Consol. Freightways, Inc.</u>, 654 F. Supp. 661, 662-63 (E.D. Mo. 1987).

In <u>Parnas v. Gen. Motors Corp.</u>, 879 F. Supp. 91 (E.D. Mo. 1995) the court stated that "In ruling on this issue, the Court may consider the

pleadings, supporting affidavits, and the motion for remand and supporting affidavits." Id. at 93. The court considered affidavits and a settlement agreement, in addition to the pleadings, in resolving the issue of fraudulent joinder. Id. at 93. However, the court limited its attention to matters outside the pleadings "only to decide whether plaintiffs have a colorable ground supporting their claims and not for the purpose of deciding whether the [non-diverse defendants] would be entitled to summary judgment; the standards are different for the two inquiries." Id.

The standard set forth in Anderson is controlling, and its progeny persuasive. The Eighth Circuit has specifically determined in this context that the standard for determining whether plaintiff stated a basis for recovery under state law is akin to a motion to dismiss and not one looking outside the pleadings as in a summary judgment motion. See Anderson, 724 F.2d at 84; see Augustine, 259 F. Supp. 2d at 921-22. Moreover, this view is in keeping with the view that removal jurisdiction should be assessed at the time of removal. See Kan. Pub. Employees Ret. Sys. v. Reimer & Koger, 77 F.3d 1063, 1067 (8th Cir.) ("The existence of this jurisdiction is determined at the time of removal."), cert. denied, 519 U.S. 948 (1996); Wells' Dairy, Inc. v. Am. Indus. Refrigeration, Inc., 157 F. Supp. 2d 1018, 1026 (N.D. Iowa 2001) ("Fraudulent joinder exists when the *complaint in effect at the time of removal* states no claim against the non-diverse defendant.") (emphasis added).

Plaintiffs bring their claims pursuant to Missouri products liability law under the theories of strict liability, negligence, and breach of warranty against the "Paint/Solvent Product Defendants" and the "Respirator Product Defendants."

To make a submissible claim for strict liability under Missouri law, plaintiffs must show that:

> (1) the defendant sold a product in the course of its
> business; (2) the product was then in a defective condition,
> unreasonably dangerous when put to a reasonably anticipated
> use; (3) the product was used in a manner reasonably
> anticipated; and (4) plaintiff was damaged as a direct result
> of the defective condition that existed when the product was
> sold.

Engel v. Corrigan Co.-Mech. Contractors, Inc., a Div. of Corrigan Bros. Inc., 148 S.W.3d 28, 30 (Mo. App. 2004); Lay v. P & G Health Care, Inc., 37 S.W.3d 310, 325 (Mo. App. 2000).

Reviewing the petition, plaintiffs fail to present any reasonable basis to support a claim against Hydraflow in strict liability. Plaintiffs allege that Hydraflow sells "spray painting equipment" and "other products" used by Jimmie Blackwood. They make no claim that any such equipment or product is defective or unreasonably dangerous when used as reasonably anticipated. Moreover, plaintiffs clearly allege strict liability against the "Paint/Solvent Product Defendants" characterizing such defendants as those "engaged in the business of manufacturing, distributing, supplying and/or marketing paints containing benzene, butadiene and/or polycyclic aromatic hydrocarbons." They further premise liability against the "Respirator Product Defendants" who are defined as those "engaged in the business of manufacturing, distributing, supplying and/or marketing Respirators . . . ." The petition is devoid of any allegation that Hydraflow is either a "Paint/Solvent Product Defendant" or a "Respirator Product Defendant." Accordingly, there is no colorable cause of action in strict liability against Hydraflow on the facts as alleged.

In order to make a submissible claim under a negligence theory, plaintiff must show "(1) a duty by the defendant to protect the plaintiff from injury; (2) the failure of the defendant to execute that duty; and (3) the defendant's failure to execute that duty resulted in an injury to the plaintiff." Stafford v. Drury Inns, Inc., --- S.W.3d ----, 2005 WL 350506 at *2 (Mo. App. 2005); see Lopez v. Three Rivers Elec. Coop., Inc., 26 S.W.3d 151, 155 (Mo. 2000) (en banc).

As with its claims in strict liability, plaintiffs maintain their cause of action for negligence against the "Paint/Solvent Products Defendants," and the "Respirator Product Defendants." Plaintiffs fail to plead facts supporting any failure of Hydraflow to execute a duty associated with spray painting equipment, as opposed to the multiple allegations they make with respect to a failure of duty for those defendants who sell respirators, or manufacture or sell benzene, butadiene and/or polycyclic aromatic hydrocarbons.

Accordingly, there is no colorable cause of action for negligence against Hydraflow on the facts as alleged.

"In order to establish a case for breach of implied warranty of fitness for a particular purpose, the plaintiff must establish a 'seller' at the time of contracting has reason to know any particular purpose for which the 'goods' are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods," and subsequent injury. Heffernan v. Reinhold, 73 S.W.3d 659, 664 (Mo. App. 2002); Mo. Rev. Stat. § 400.2-315; Mo. Approved Jury Instr. (Civil) 25.03 (6th ed. 1980). For the implied warranty of merchantability, plaintiffs must show that (1) a "seller" sold goods to a "buyer;" (2) when the goods were sold they were not fit for their ordinary purpose; (3) buyer used the goods for their ordinary purpose; and (4) buyer sustained injury as a result. Landmark Am. Ins. Co. v. Paccar, Inc., 103 S.W.3d 894, 895 (Mo. App. 2003); Mo. Rev. Stat. § 400.2-314; Mo. Approved Jury Instr. (Civil) 25.08 (6th ed. 1980).

With both breach of implied warranty of fitness for a particular purpose and implied warranty of merchantability, plaintiffs limit their prayers for relief as against the "Paint/Solvent Product Defendants" and the "Respirator Product Defendants." Moreover, plaintiffs' proffered factual allegations relate only to warranties with respect to the sale of benzene, butadiene and/or polycyclic aromatic hydrocarbons, and the sale of respirators. Plaintiffs make no allegation that Hydraflow's sale of spray painting equipment breached any implied warranty.

Accordingly, there is no colorable cause of action for breach of implied warranties against Hydraflow on the facts as alleged.

Moreover, any effort to interpret, on the face of the pleadings, "other products" to include respirators, as plaintiffs suggest, would neither be reasonable nor tenable. See McCoy v. Liberty Foundry Co., 635 S.W.2d 60, 63 (Mo. App. 1982) (internal citation omitted) ("[T]he resulting interpretation of [a] petition must be reasonable and fair, and one that fairly appears to have been intended by the pleader.") .

Plaintiffs filed their petition in state court on February 25, 2005. With the exception of defendants Hydraflow and Ingersoll-Rand, the petition states with some specificity what product each defendant

manufactures or sells, and that those products were used by Jimmie Blackwood. Almost two months passed between the time plaintiffs initially filed their petition and their motion for remand. While plaintiffs allege an intention to amend their petition to include an allegation that Hydraflow sold respirators used by Jimmie Blackwood, they reference no attempt to file an amended petition in state court prior to removal. Moreover, plaintiffs have not moved this court to amend their pleading; they merely state an intention to seek leave to file an amended petition if the court so orders. There is simply no indication anywhere on the face of the pleading that "other products" was meant, or could reasonably be interpreted, to include respirators.

The plaintiffs' current pleading alleges no colorable cause of action against Hydraflow Equipment Company. Therefore, the court ignores this fraudulently joined defendant for determining diversity of citizenship jurisdiction. See Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977); Foslip Pharm., Inc. v. Metabolife Intern., Inc., 92 F. Supp. 2d 891, 902 (N.D. Iowa 2000). In doing so, there is complete diversity of citizenship and the requisite amount in controversy for subject matter jurisdiction under 28 U.S.C. § 1332.

## Timely Notice of Removal

28 U.S.C. § 1446 states, in pertinent part:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Plaintiffs allege that defendant Insl-X was served on March 10, 2005, and filed its consent to remove on April 13, 2005--34 calendar days later. Plaintiffs argue that Insl-x's failure to file its consent to removal within the 30-day time period prescribed by 28 U.S.C. § 1446(b) renders the removal procedurally defective and requires remand.

In support of their position, plaintiffs cite Amteco, 241 F. Supp. 2d 1028. In Amteco, one of the defendants failed to provide a separate consent to removal with the court, although the defendant argued its corporate president orally gave its consent to the removing defendant. Id. at 1029. In discussing the so-called "rule of unanimity," the court determined that the removal statute was to be strictly construed, and that "consent to removal must be unambiguous, and it must be communicated directly to the court--whether in writing or orally--and not simply to one's co-defendant." Id. at 1032.

In opposition, defendants argue that there is no express statutory requirement that all defendants separately inform the court of their consent to removal. They argue that the court was informed all defendants consented to removal in the notice of removal, in compliance with the standards for motions prescribed in Fed. R. Civ. P. 11. Defendants acknowledge Amteco; however, they invoke the holding of City of University City, 229 F. Supp. 2d 927.

The plaintiff in City of University City argued that remand was appropriate because the defendants failed to show that all defendants consented to the removal. Id. at 930. The court concluded that the failure of all defendants to file individual consents to removal was merely a procedural defect, which was cured by an averment by counsel that defendants unanimously consented to removal. Id.

Defendants also cite a recent Sixth Circuit decision, Harper, 392 F.3d 195. In Harper, the Sixth Circuit noted there is no requirement that all parties separately express to the court their consent to removal, and nothing prohibited one defendant from representing the consent of all parties, if all parties indeed consented. Id. at 201-02.

The removal statute itself does not require that each individual defendant inform the court of its clear, unambiguous consent to removal. See 28 U.S.C. § 1446(b). See Roberts v. Palmer, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) ("Courts have interpreted § 1446 to impose a 'rule of unanimity' which requires all defendants who have been served prior to removal to join in the removal petition or clearly and unambiguously communicate to the court their consent to the removal within thirty days of service upon them."). Insl-x's consent was communicated timely to

the court by the removing defendant. Insl-x's two-day delay[10] in filing its own separate consent to removal was at most a procedural, non-substantive defect. There is no indication in the record that plaintiffs' interests will be substantially prejudiced by this determination.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of plaintiffs to remand the action to the Missouri circuit court (Doc. 31) is denied.


DAVID D. NOCE
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 9, 2005.

---

[10]Insl-x was served on March 10, 2005. Under Federal Rule of Civil Procedure 6(a), because the thirtieth calendar day after March 10 was Saturday, April 9, the statutory 30-day period expired with the close of Monday, April 11, 2005.